NO. COA13-547

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

LEXISNEXIS RISK DATA MANAGEMENT
INC., a Florida Corporation, and
LEXISNEXIS RISK SOLUTIONS INC., a
Georgia Corporation,
    Plaintiffs,

  v.                                      Wake County
                                         No. 11 CVS 15832

NORTH CAROLINA ADMINISTRATIVE
OFFICE OF THE COURTS; JOHN W.
SMITH II, in his official capacity
as the Director of the North
Carolina Administrative Office of
the Courts; and NANCY LORRIN
FREEMAN, in her official capacity
as the Clerk of the Wake County
Superior Court,
    Defendants.


Appeal by Plaintiffs from order entered 8 February 2013 by Judge James E. Hardin, Jr., in Wake County Superior Court. Heard in the Court of Appeals 24 October 2013.

*Nelson Mullins Riley & Scarborough LLP, by Reed J. Hollander, and Meyer, Klipper & Mohr, PLLC, by Christopher A. Mohr, for Plaintiffs.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Grady L. Balentine, Jr., for Defendants.*

*Arnall Golden Gregory LLP, by W. Jerad Rissler, for amicus curiae Consumer Data Industry Association.*

*Stevens Martin Vaughn & Tadych, PLLC, by Hugh Stevens, for amici curiae The News and Observer Publishing Co.; Capitol Broadcasting Company, Inc.; Time-Warner Entertainment-Advance Newhouse Partnership; DTH Media Corp.; and the North Carolina Press Foundation, Inc.*

STEPHENS, Judge.

*Procedural History and Factual Background*

This appeal raises the issue of whether the Automated Criminal/Infraction System database ("ACIS") is subject to public disclosure under the North Carolina Public Records Act, N.C. Gen. Stat. § 132-1 *et seq.* ("the Act"). In its order dismissing the matter on the pleadings, the trial court summarized the factual background of the case as follows:

> 1. The parties agree there are no facts in dispute and the matter before the [trial c]ourt is a question of law.
>
> 2. Plaintiffs' corporations [(collectively "Lexis")], which aggregate information from a variety of public sources, load and operate databases, and offer information services to government and private sector clients, bring this action pursuant to the Public Records Act.
>
> 3. Defendant Administrative Office of the Courts [("the AOC")] administers, supports, and maintains [ACIS] for the elected [c]lerks of [s]uperior [c]ourt for the 100 counties of the State of North Carolina for use as the electronic storage index of their criminal records.

4. ACIS is a real-time criminal records database that is a compilation of the criminal court records, including records subject to disclosure and records not subject to disclosure, of the 100 [c]lerks of [s]uperior [c]ourt.

5. The various [c]lerks of [s]uperior [c]ourt enter the information contained in the database in real time from the physical records contained in each of their respective offices.[1] As such, the compilation of records stored in ACIS is constantly changing. The information in the database is exactly what is entered by the [c]lerks of [s]uperior [c]ourt, and changes to the information are made by the various [c]lerks accordingly. Not every employee in each [c]lerk of [s]uperior [c]ourt's office can access all of the information in ACIS, nor can one [c]lerk of [s]uperior [c]ourt access the records for modification of another [c]lerk.

6. Clerks of [s]uperior [c]ourt have the ability to make electronic and paper copies of criminal records information they enter in the ACIS database that is subject to disclosure, and they routinely make such records available pursuant to public records requests. None of the 100 [c]lerks of [s]uperior [c]ourt has the ability to make an electronic copy of the entire ACIS database.

7. Criminal records information contained in the ACIS database that is subject to disclosure is made available by [the] AOC to the public via remote public access and extracts of certain information in the ACIS database is also made available by [the] AOC to private vendors pursuant to agreements entered into between them and [the] AOC under

---

[1] Some information contained in ACIS is entered by other public officials.

> N.C. Gen. Stat. § 7A-109. [The] AOC also makes criminal records information contained in the ACIS database available to various governmental agencies pursuant to agreements and various statutory mandates.

In the fall of 2011, Lexis sent letters to Defendant John W. Smith II, in his official capacity as Director of the AOC, and to Defendant Nancy Lorrin Freeman, in her official capacity as the elected Clerk of the Wake County Superior Court ("the clerk"). Citing the Act, Lexis requested an *index*[2] of all computer databases and an electronic copy of the entire ACIS database.[3] In a written response, the AOC agreed to provide Lexis with "the indexing done to date for databases maintained by the []AOC and subject to [section] 132-6.1[,]" but maintained that the statute's requirement for compiling indexes "does not apply to databases created before the effective date [of section 132-6.1, and] ACIS pre-dates [the effective date.] A]s a result there is no index of ACIS that we can provide you."[4] Both the AOC and the clerk refused

---

[2] Under the Act, an "index" is a description of various form and content details about an agency's database, and it is undisputed that these indexes are public records. N.C. Gen. Stat. § 132-6.1(b) (2013).

[3] Lexis requested only "non-confidential or non-restricted information" in ACIS.

[4] Lexis's complaint, discussed *supra*, did not contain any allegations regarding an index of ACIS and did not seek a copy

Lexis's request for a copy of the ACIS database itself. The AOC asserted that ACIS is a mainframe application which serves as a record-keeping tool for clerks of court statewide, but that the individual clerks are the custodians of the actual records. Because the Act provides that the duty to disclose public records lies with their custodian, the AOC asserted that it had "no records responsive to" Lexis's request for an electronic copy of ACIS. The clerk asserted that, while she could enter information from her county's criminal records into ACIS, she lacked the ability to make a copy of the entire database. Accordingly, the clerk also informed Lexis that she had "no records responsive to" its request.

On 13 October 2011, Lexis filed a complaint alleging that the clerk's and the AOC's refusal to provide an electronic copy of the ACIS database violates the Act. Lexis sought declarations that the ACIS database is a public record under the Act and that the AOC and/or the clerk are custodians of ACIS, as well as an order requiring the release of ACIS as a public record pursuant to the Act. Defendants filed a joint answer on 15 December 2011. On 6 February 2012, Lexis moved for judgment on the pleadings. Following a hearing, by order entered 8 February 2013, the trial

---

thereof. Accordingly, the AOC's refusal to provide Lexis with an index of ACIS was not before the trial court and is not before this Court on appeal.

court denied Lexis's motion, granted judgment on the pleadings in favor of Defendants, and dismissed the matter.  Lexis appeals.

*Discussion*

On appeal, Lexis brings forward four arguments:  that the trial court (1) misapplied the standard for judgment on the pleadings by assuming the counter-allegations in Defendants' answer to be true, and erred in (2) failing to address whether ACIS is a public record subject to disclosure under the Act, (3) concluding that the AOC is not the custodian of ACIS, and (4) denying disclosure of ACIS pursuant to N.C. Gen. Stat. § 7A-109(d). Because they are closely related and are dispositive of the merits of Lexis's position on appeal, we address Lexis's second and third arguments together.  We reverse and remand the trial court's order as to the AOC.  In light of this result, we do not address Lexis's first argument.  We affirm as to the clerk.[5]

---

[5] Despite having named the clerk as a defendant, Lexis did not contend in the trial court or on appeal that the clerk is actually the custodian of the ACIS database.  As discussed herein, under the Act, only the "custodian" of public records has a duty to provide copies thereof upon request.  N.C. Gen. Stat. § 132-6(a) (2013) (providing that "[e]very custodian of public records shall . . . furnish copies thereof . . . .").  All parties agree that the clerk did not create ACIS and does not have the ability to make a copy of the database.  On appeal, Lexis does not argue that the trial court erred in concluding that the clerk did not violate the Act when she refused Lexis's request for a copy of the ACIS database.  Accordingly, we affirm the order to the extent it concludes that the clerk did not violate the Act.

*Standard of Review*

We review a trial court's ruling on a motion for judgment on the pleadings *de novo*. *Toomer v. Branch Banking & Trust. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335, *disc. review denied*, 360 N.C. 78, 623 S.E.2d 263 (2005). "Under a *de novo* review, the [appellate] court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation and internal quotation marks omitted).

*I. ACIS is a public record and the AOC is its custodian*

Lexis argues that the ACIS database is a "public record" as defined in the Act and the AOC is its custodian. We agree.

The Act provides that

> "[p]ublic record" or "public records" shall mean all documents, papers, letters, maps, books, photographs, films, sound recordings, magnetic or other tapes, *electronic data-processing records*, artifacts, or *other documentary material, regardless of physical form or characteristics*, made or received pursuant to law or ordinance in connection with the transaction of public business by any agency of North Carolina government or its subdivisions. . . .

N.C. Gen. Stat. § 132-1(a) (2013) (emphasis added). Further,

> [e]very custodian of public records shall permit any record in the custodian's custody to be inspected and examined at reasonable times and under reasonable supervision by any person, and shall, as promptly as possible, furnish copies thereof upon payment of any fees as may be prescribed by law. As used herein, "custodian" does not mean an agency that holds the public records of other agencies solely for purposes of storage or safekeeping or solely to provide data processing.

N.C. Gen. Stat. § 132-6(a).

Both parties agree that the individual criminal records of the clerks of court are public records and that the clerks are the custodians of those records. As required by the Act, the clerk of court in each county will, upon request, provide copies of the criminal records for his or her county.[6] The disputed issues are whether ACIS, the database compiling information from those records, is a public record and, if so, whether the AOC is its custodian.

As for the first issue, we agree with Lexis's assertion that, once the clerks of court enter information from their criminal records into ACIS, the database becomes a new public record

---

[6] As noted *supra*, the trial court found, and Lexis does not dispute, that the individual clerks of court cannot provide the records from any other counties or make a copy of the entire ACIS database.

"existing distinctly and separately from" the individual criminal records from which it is created.[7]  The plain language of the Act includes "electronic data-processing records" in its definition of public records.  N.C. Gen. Stat. § 132-1(a).  In turn, a database is a

> [c]ollection of data or information organized for rapid search and retrieval, especially by a computer.  Databases are structured to facilitate storage, retrieval, modification, and deletion of data in conjunction with various data-processing operations.  A database consists of a file or set of files that can be broken down into records, each of which consists of one or more fields.  Fields are the basic units of data storage.  Users retrieve database information primarily through queries.  Using keywords and sorting commands, users can rapidly search, rearrange, group, and select the field in many records to retrieve or create reports on particular aggregates of data according to the rules of the database management system being used.

"Database." Merriam-Webster.com. Concise Encyclopedia, http://www.merriam-webster.com/concise/database (last visited Jan. 23, 2014) (emphasis added).  Thus, we conclude that the ACIS database falls squarely within the definition of a public record as an electronic data-processing record.[8]

---

[7] As Lexis correctly observes, the trial court's order does not contain a conclusion of law about whether ACIS is a public record.
[8] Further, we note that the ACIS database would certainly be encompassed under the Act's broadly worded catch-all provision

Next, as noted *supra*, the Act provides that the custodian of public records has the duty to provide the public with copies of those records when requested. N.C. Gen. Stat. § 132-6(a). The AOC argues that it is not the custodian of the criminal records whose information is used to create ACIS. We agree, but find this assertion inapposite. Lexis is not seeking copies of the criminal records, but rather a copy of ACIS.

We also reject as misplaced the AOC's related argument that it is not the custodian of the *information* contained in ACIS. The Act does not refer to custodians of *information* but of *records*. *See id.* The plain language of the Act requires custodians to provide copies of their public *records* and nothing in the Act suggests that this requirement is obviated because the *information* contained in a public record is publically available from some other source. Many public records contain information that is derived from and/or contained in other public records. For example, a city council might use information from its police department to create a report about crime statistics within its borders during a given year. Even though the *information* in the city council's report came from the police department and is

---

including "other documentary material" in the definition of public records. N.C. Gen. Stat. § 132-1(a).

available in the police department's own public records, the city council's report is still a public record and the city council is the custodian of its report. Our State's Department of Justice might use information from the city council's report in creating a chart comparing crime rates in many different cities. That chart would in turn become a new public record in the custody of the Department. Here, the AOC has admitted that it created, maintains, and controls ACIS and is the only entity with the ability to copy the database. Thus, ACIS is not the public record of another agency. Rather, ACIS is a record *of the AOC* and *in the AOC's custody*.

Further, we find irrelevant the AOC's observations that individual clerks of court input information from their counties' criminal records into ACIS and retain the sole ability to alter the information they input. In opposing the AOC's argument on this point, Lexis cites *News & Observer Pub. Co. v. Poole*, 330 N.C. 465, 412 S.E.2d 7 (1992). In *Poole*, the plaintiffs sought

> materials . . . compiled on behalf of a commission appointed by the president of the University of North Carolina system of higher education. The Commission's purpose was to investigate and report on certain alleged improprieties relating to the men's basketball team at North Carolina State University (NCSU), one of the system's component universities. . . .

> The records sought to be disclosed [we]re
> *investigative reports prepared for the*
> *Commission by special agents of the State*
> *Bureau of Investigation (SBI)*, Commission
> minutes, and draft reports prepared by
> individual Commission members.

*Id.* at 470, 412 S.E.2d at 10 (emphasis added). The Commission acknowledged that many of the materials it generated or gathered were public records, but argued that the reports prepared by the SBI were not public records, citing a statutory provision which specifically exempts records and evidence created by the SBI from the definition of public records under the Act. *Id.* (citation omitted). The Supreme Court disagreed, concluding that, "when the SBI submitted its investigative reports to the Commission, they became Commission records. As such they are subject to the Public Records Law and must be disclosed to the same extent that other Commission materials must be disclosed under that law." *Id.* at 473, 412 S.E.2d at 12. Thus, the rule established by *Poole* is that, even when one government agency wholly creates a record and then simply delivers a copy of that record to a second agency, the second agency becomes a custodian of the record under the Act. *See id.*

Here, the case for disclosure under the Act is even stronger than in *Poole*. The clerks of court have not simply made copies of their records and sent them to the AOC. Rather, as explained

*supra*, the clerks have acted at the direction of the AOC to create an entirely new and distinct public record, to wit, ACIS. *See* N.C. Gen. Stat. § 7A-109(a) (2013) ("Each clerk [of court] shall maintain such records, files, dockets[,] and indexes as are prescribed by rules of the Director of the [AOC]."). For all the reasons stated above, we hold that ACIS is a public record in the custody of the AOC.

*II. Effect of section 7A-109(d)*

We also agree with Lexis that the trial court erred in concluding that requiring the AOC to provide a copy of ACIS upon request would "negate the provisions of N.C. Gen. Stat. § 7A-109(d)[.]"

> In order to facilitate public access to court records, except where public access is prohibited by law, the Director [of the AOC] may enter into one or more nonexclusive contracts under reasonable cost recovery terms with third parties to provide remote electronic access to the records by the public. . . .

N.C. Gen. Stat. § 7A-109(d). Nothing in this subsection limits the public's ability to obtain *copies* of public records under the Act. The plain language of this subsection simply allows the AOC to offer an additional method of access to "court records" via "remote electronic access[.]" *Id.* Here, Lexis is not seeking

remote electronic access to ACIS, but rather has requested a copy of the entire database. As such, the provisions of section 7A-109(d) are inapposite.

We are sympathetic to the AOC's argument that, if copies of the entire ACIS database are available upon request under the Act, third parties may be discouraged from entering into "contracts under reasonable cost recovery terms . . . to provide remote electronic access to [court] records . . . ." *Id.* However, we note that section 7A-109(d) is expressly permissive, rather than mandatory. *See id.* (providing that "the Director [of the AOC] *may* enter into one or more nonexclusive contracts under reasonable cost recovery terms with third parties") (emphasis added). If provision of copies of ACIS under the Act renders the option of providing remote electronic access unnecessary or not cost-effective, the AOC can simply decline to offer this additional method of access.

Our Supreme Court has directed "that in the absence of *clear statutory exemption or exception*, documents falling within the definition of 'public records' in the [Act] must be made available for public inspection." *Poole*, 330 N.C. at 486, 412 S.E.2d at 19 (emphasis added). We conclude there is no clear statutory exemption or exception applicable to the ACIS database.

Accordingly, as to the AOC, the order of the trial court is reversed.  We remand the matter to the trial court with directions to enter judgment for Lexis.

AFFIRMED in part; REVERSED and REMANDED in part.

Judges GEER and ERVIN concur.